### THE STATE v. C. CARTER LEE, Appellant.

Division Two, December 22, 1925.

**DEFRAUDING GAS COMPANY: Act of Another: Knowledge of Defendant: Instruction.** A defendant, charged with feloniously defrauding a gas company by preventing a meter from correctly measuring and registering the gas used by him, was not entitled to an instruction directing the jury to acquit if they found that some one else had made the improper connection directly from the company's pipe to his premises without his knowledge, where it is shown that he knowingly had been using the company's gas without measurement for eighteen months before the fraud was discovered and had made no offer to pay for the gas consumed.

Corpus Juris-Cyc. References: Gas, 28 C. J., Section 79, p. 605, n. 82.

Appeal from St. Louis City Circuit Court.—*Hon. Anthony F. Ittner,* Judge.

AFFIRMED.

*Robert W. Otto,* Attorney-General, and *W. F. Frank,* Assistant Attorney-General, for respondent.

It was not error to refuse defendant's requested Instruction "A". Sec. 3354, R. S. 1919; State v. Blocker, 274 S. W. 1097.

WALKER, P. J.—The appellant was charged by information in the Circuit Court of the City of St. Louis, under Section 3354, Revised Statutes 1919, with feloniously defrauding a gas company by preventing a meter from correctly measuring and registering the gas used by him. Upon a trial to a jury he was convicted and fined $100. From this judgment he appeals.

The evidence disclosed that the gas had been turned off so as to prevent its flow through the meter, and that a direct connection had been made between the company's supply pipe and the appellant's premises. This connection was concealed by old lumber and rubbish, but was discovered by the agent of the company who found that a hot water heater and two ranges in appellant's house were being supplied with gas, but that the meter was not registering. Upon the appellant being confronted with the facts stated he said this improper connection had been made about a year and a half previous to its discovery by the company's employee. Appellant's ownership and control of the property was admitted by him. He and his wife testified in his behalf. Their testimony contains no affirmative defense. Each is a wandering, diffuse statement of the connection of their premises with the company's supply pipe and other matters of like import. Except by implication no denial is made of the perpetration of the fraud. Much of this testimony might well have been held inadmissible or stricken out as irrelevant. Appellant has filed no brief. We will discuss only the errors assigned in the motion for a new trial, which have been so preserved as to authorize their review.

I.  The appellant's demurrer to the testimony interposed at the close of the trial was properly overruled. Not only was there substantial but convincing testimony of the appellant's guilt; the State's testimony, although sufficient for that purpose, was supplemented and strengthened by the appellant's admissions.

II.   No error was committed in the admission or exclusion. of testimony prejudicial to the appellant.

III.   Appellant's instruction that the jury should acquit if they found that someone else had made the improper connection without the knowledge of the appellant, is assigned as error.   While the evidence did show that the physical connection was, according to appellant's testimony, made by some one else, it was also shown that the appellant had knowingly been using the company's gas without measurement for eighteen months before the discovery of the fraud and had made no offer to pay for the service thus rendered.   Under these facts the insertion in an instruction of his lack of knowledge as authorizing an acquittal, although hypothetically stated, would only tend to mislead the jury and it was properly refused.

There is no merit in this appeal and the reason for its having been made, as disclosed by the transcript, may not unfairly be said to have been for the purpose of effecting a delay in the final determination of this case. The judgment should be affirmed and it is so ordered. All concur.